**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RAFIK VARTANPOUR, | ) | |
| Plaintiff, | ) | Case No.  2:15-cv-00951-JAD-CWH |
| vs. | ) | **ORDER** |
| D.W. NEVEN, et al., | ) | |
| Defendants. | ) | |

Presently before the Court is Plaintiff Rafik Vartanpour's Motion for Leave to File Supplemental Complaint (ECF No. 18), filed on February 22, 2016, and Defendants' Response (ECF No. 21), filed March 9, 2016.  Plaintiff also filed a document titled "Motion to Withdraw to Pending Exhausting Remedies (sic)" (ECF No. 24), on March 25, 2016, which the Court construes as a reply to Defendants' Response because it specifically addresses Defendants' responsive argument that Plaintiff failed to exhaust his administrative remedies. Additionally, Plaintiff filed a document entitled "Motion to Leave to File Supplemental Complaint" (ECF No. 30) on August 22, 2016, and Defendants responded with their Limited Opposition to Plaintiff's Motion for Leave to File Supplemental Complaint (ECF No. 31), filed September 7, 2016.

Also before the Court is Plaintiff's Motion for Extended Time to Pay an Initial Partial Filing Fee (ECF No. 20), filed March 4, 2016.  Defendant did not respond.

Also before the Court is Plaintiff's Motion to Extend Time for Service (ECF No. 25), filed on March 29, 2016.  Defendants did not respond.

Also before the Court is Plaintiff's Motion for Opposition to Allegations and Statements in Defendant's Answer (ECF No. 28), filed May 4, 2016, and Defendant's Motion to Strike Plaintiff's Motion for Opposition to Allegations and Statements in Answer (ECF No. 29), filed May 6, 2016.

**A. Motions for Leave to File Supplemental Complaint**

In his motions to file a supplemental complaint (ECF Nos. 18, 30), Plaintiff argues that he needs to add facts to supplement his existing complaint. Defendants oppose the motions because the supplement would be futile for Plaintiff's failure to exhaust administrative remedies, and also because Plaintiff has failed to attach a proposed amended complaint to his motions.

Local Rule 15-1 requires that the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. LR 15-1. Without viewing the proposed amended complaint, the Court is unable to determine whether to grant leave to amend. The Court notes that in Plaintiff's second motion to supplement (ECF No. 30), Plaintiff attaches Exhibit 1 titled "Plaintiff's Supplement to Complaint" (ECF No. 30-1), but it contains points and authorities about whether a supplemental pleading is allowed, and is not a proposed amended pleading to replace the one currently on file. (*See* Complaint (ECF No. 7).) Plaintiff is advised that although the court will liberally construe his filings given that he is not represented by an attorney, he nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Plaintiff has failed to attach the proposed pleading, and so his motions for leave to file a supplemental complaint are denied without prejudice.[1]

**B. Motion for Extended Time to Pay an Initial Partial Filing Fee**

Plaintiff's Motion for extended time to pay an initial partial filing fee is denied as moot because the fee was paid on March 8, 2016. (*See* Receipt (ECF No. 22).)

**C. Plaintiff's Motion to Extend Time for Service**

Plaintiff requests additional time to serve Sergeant Joseph and three John Does in the Mailroom. Plaintiff filed his complaint on November 6, 2015 (ECF No. 7), and therefore had 120 days, or until March 5, 2016, to serve those defendants, and has not yet done so. Plaintiff indicates that he served all defendants with documents in the same envelope and cannot explain why service

---

[1] The Court therefore takes no position at this time as to whether Plaintiff has exhausted his administrative remedies.

was not successful.

> Rule 4(m) establishes the time for service on domestic defendants:
> If a defendant is not served within 120 days[2] after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Court must extend the time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Plaintiff has not demonstrated good cause to extend time to serve defendants. Although Plaintiff argues good cause exists because the information was sent in a particular envelope, Plaintiff has not been diligent because he failed to move to extend time to serve defendants before the 120-day deadline expired. Regardless, under Rule 4, the Court has discretion, even without good cause, to extend the time for service. Given that this is Plaintiff's first request to extend time for service, the Court will grant Plaintiff until **December 12, 2016**, to serve the unserved defendants. Plaintiff is advised that failure to comply with this deadline or to timely request an extension of this deadline will weigh strongly against a finding of good cause in the future.

///

---

[2] Rule 4(m) was amended effective December 1, 2015, to reduce the presumptive time for serving a defendant from 120 days to 90 days.

Plaintiff is proceeding *in forma pauperis* in this matter. When a plaintiff is authorized to proceed *in forma pauperis,* the court must order that service be made on behalf of the plaintiff, generally by a United States marshal or deputy marshal. Fed. R. Civ. P. 4(c)(3). It is Plaintiff's obligation, however, to provide sufficient information to allow service of process. Plaintiff's identity of the defendants to be served, "Sgt Joseph, and 3x John Does (Mailroom Staff)" is insufficient because according to the Attorney General, these employees cannot be identified. (*See* Acceptance of Service (ECF No. 19).) Accordingly, the Court will extend time for Plaintiff to provide sufficient identification and location of the defendants to allow service of process. Plaintiff has until **October 12, 2016**, to investigate the identity of these defendants and to file with the court a notice containing sufficient information to allow service of process on those defendants. Upon receipt of the notice, the court will provide to Plaintiff additional documentation that he will need to provide to the United States Marshal to complete service by **December 12, 2016**.

### D. Motion for Opposition to Allegations and Statements in Defendant's Answer

Plaintiff has filed a motion in opposition to Defendant's answer, and has provided a variety of documents in support of his motion, arguing that the answer contains false or incorrect information. The Defendants respond by motion to strike Plaintiff's opposition because it is not a proper pleading.

Under Rule 7(a), only certain pleadings are allowed, and a reply to an answer is allowed only if the court orders one. *See* Fed. R. Civ. P. 7(a)(7). To be granted leave to file a reply, the moving party must make a clear and convincing showing that substantial reason or extraordinary circumstances require a reply. *See e.g. Fed. Deposit Ins. Corp. v. First Nat'l Fin. Co.*, 587 F.2d 1009, 1012 (9th Cir. 1978)(Given the fact that an answer without a counterclaim is deemed automatically denied or avoided under Fed. R. Civ. P. 8(b)(6), a party must make a clear and convincing showing that a substantial reason or extraordinary circumstances compel the filing of a reply.) *See also Sullivant v. Spectrum Med. Servs.*, 2012 U.S. Dist. LEXIS 17120 (D. Mont. Feb. 10, 2012)(same). Plaintiff provides no such justification, and the Court has not ordered such a reply. Accordingly, Plaintiff's motion is denied, and Defendants' motion to strike the reply is granted.

**E.    Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motions for Leave to File Supplemental Complaint (ECF Nos. 18, 30) are DENIED.  Additionally, Plaintiff's "Motion to Withdraw to Pending Exhausting Remedies (sic)" (ECF No. 24), is construed as a reply, and is therefore DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extended Time to Pay an Initial Partial Filing Fee (ECF No. 20) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time for Service (ECF No. 25) is GRANTED.  Plaintiff has until **October 12, 2016**, to file with the court a notice stating sufficient information to allow service of process on "Sgt Joseph, and 3x John Does (Mailroom Staff)."  Upon receipt of Plaintiff's notice, the court will send additional paperwork to Plaintiff that he will need to complete and return to the United States Marshal for service.  Plaintiff has until **December 12, 2016**, to serve defendants "Sgt Joseph, and 3x John Does (Mailroom Staff)."

IT IS FURTHER ORDERED Plaintiff's Motion for Opposition to Allegations and Statements in Defendant's Answer (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED Defendant's Motion to Strike Plaintiff's Motion for Opposition to Allegations and Statements in Answer (ECF No. 29) is GRANTED.

DATED: September 12, 2016

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**