# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Rafik Vartanpour,

    Plaintiff

v.

D.W. Neven, et al.,

    Defendants

**2:15-cv-00951-JAD-CWH**

**Order Denying Motion for Summary Judgment and Resolving other Pending Motions**

[ECF Nos. 35, 36, 40, 52, 58]

Nevada state-prison inmate Rafik Vartanpour sues three prison officials and John Doe prison mail room staff for illegally opening his legal mail outside of his presence. Defendants move for summary judgment, and Vartanpour has filed a series of motions. Because whether mail from Vartanpour's consulate was properly marked legal mail is genuinely disputed, I deny defendants' motion for summary judgment and refer this case to a magistrate judge for a mandatory settlement conference.[1]

## Background

Vartanpour sues defendants D.W. Neven, A.W. J. Hawell, Caseworker Calderwood, Sgt. Joseph (mailroom), and John Doe mail room staff,[2] alleging that they violated his First, Sixth, and Fourteenth Amendment rights when they illegally opened mail outside of his presence from his embassy/consulate, which is acting as his legal representative.[3] He asserts one count and seeks monetary damages. On November 6, 2015, I screened Vartanpour's complaint and allowed his legal-mail claim to proceed under a First Amendment theory and stayed this case for 90 days to allow the parties a chance to settle their dispute. The parties were unable to reach a settlement.

---

[1] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[2] Only Calderwood, Howell, and Neven have been served, and the Nevada Attorney General's Office has appeared on their behalf.

[3] ECF No. 1-1 at 3.

1  Defendants now move for summary judgment, and Vartanpour has filed a flurry of requests seeking

2  various extensions, discovery, and leave to file an amended complaint.

3  **Discussion**

4  **I.     Motion for summary judgment [ECF No. 52]**

5  **A.     Summary-judgment standards**

6  Summary judgment is appropriate when the pleadings and admissible evidence "show there

7  is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

8  law."[4]  When considering summary judgment, the court views all facts and draws all inferences in

9  the light most favorable to the nonmoving party.[5]  If reasonable minds could differ on the material

10 facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the

11 facts are undisputed and the case must proceed to the trier of fact.[6]

12 If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of

13 material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

14 showing that there is a genuine issue as to the material facts"; it "must produce specific evidence,

15 through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary

16 basis on which a reasonable fact finder could find in its favor.[7]  The court may only consider facts

17 that could be presented in an admissible form at trial in deciding a motion for summary judgment.[8]

18 Vartanpour filed a surreply to defendants' summary-judgment motion without leave of court,

19 and defendants move to strike it.  Because "[s]urreplies are not permitted wtihout leave of court" and

20

21

---

22 [4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

23 [5] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

24
25 [6] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

26 [7] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

27

28 [8] FED. R. CIV. P. 56(c).

1  "motions for leave to file a surreply are discouraged,"[9] I grant defendants' motion to strike it.[10]  I also

2  dismiss all official-capacity claims against defendants Calderwood, Howell, and Neven because

3  these defendants are immune from suit for monetary damages in their official capacities.[11]

### B.    First Amendment legal-mail claim

#### 1.    Whether Vartanpour's mail constitutes legal mail and was properly identified is genuinely disputed, and Vartanpour is not required to show actual injury.

7  "[P]risoners have a protected First Amendment interest in having properly marked legal mail

8  opened only in their presence."[12]  Vartanpour alleges that prison officials opened his confidential

9  legal mail from the Netherlands Consulate General outside of his presence on seven occasions, and

10  that defendants continued to do so even after acknowledging in responses to his grievances that these

11  communications were protected and should have been opened and inspected in his presence.[13]

12  Defendants respond that these letters did not constitute legal mail; even if they did, Vartanpour has

13  not alleged or offered evidence to show that he suffered any injury from the intrusion.

14         Though defendants now claim that Vartanpour's letters from the consulate do not constitute

15  legal mail, whether these communications were protected is genuinely disputed because the bulk of

16  the grievance responses indicate that the letters were in fact privileged mail under prison regulations

17  and therefore should have been opened in Vartanpour's presence.[14]  For example, in a grievance

---

19  [9] L.R. 7-2(b).

20  [10] ECF No. 57.  The document is titled "Plaintiff's reply in support of his motion for summary judgment" but it appears to actually be a surreply to defendants' summary-judgment motion because Vartanpour did not file a motion for summary judgment, and the deadline for doing so has expired.

22  [11] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials acting in their official capacities are not "persons" for purposes of damages liability under § 1983)).

24  [12] *Hayes v. Idaho Corr. Ctr.*,–F.3d–, 2017 WL 836072, *5 (9th Cir. Mar. 3, 2017).

25  [13] ECF No. 7 at 3.

26  [14] *See* ECF No. 55 at 43 ("The mail was processed in error.  We will endeavor to correct this mistake"); *id.* at 41 ("Supervisory staff have addressed this issue with the mail room staff.  Mail room staff understand and have complied with O.P. on this matter.  You should have no further problem with mail from the consulate"); *id.* at 39 ("Per OP 750 the privileged mail you received

1    response dated June 16, 2015, the prison admitted "[a]s defined for AR 750 and AR 722, Privileged

2    Correspondence does, in fact, include Diplomatic personnel.  This is an obvious oversight on the part

3    of the mail room staff which the administration will attempt to correct through staff training."[15]

4    Based on the responses Vartanpour has provided, whether communications from the consulate

5    constitute legal mail and whether they were properly marked[16] to notify prison staff that the

6    communications were protected is at least genuinely disputed.

7            Defendants next argue that Vartanpour's claim fails because he must show actual injury.  But

8    just this month, the Ninth Circuit in *Hayes v. Idaho Correctional Center* held that an inmate

9    asserting a First Amendment legal-mail claim is not required to "show actual injury beyond the free

10   speech violation itself . . . ."[17]  Thus, Vartanpour need not show that he suffered actual injury as

11   would be required, for example, for a legal-mail claim premised on a denial of access to the courts.

12   Finally, defendants argue that they are entitled to summary judgment because there is a legitimate

13   penological interest in monitoring inmates' mail.[18]  Defendants are correct that prisons may impose

14

---

15   should have been opened and inspected in your presence.  Mail room supervision has been informed
16   of your claim and steps have been taken to ensure this does not happen again in the future"); *id.* at 57
     ("I have reviewed your second level grievance.  I agree with the first level response that an error
17   occurred in the processing of your legal mail and that HDSP mailroom will take precaution to correct
     any mistake going forward"); *id.* at 59 ("I have reviewed your informal and first level grievance.  It is
18   regrettable that your mail was not handled properly . . . ").  *But see id.* 49–51 ( "The Mailroom was
     not aware that this was legal mail"); (response denying legal-mail grievance because Vartanpour
19   failed to provide evidence to support it).

20   [15] ECF No. 55 at 53.
21
     [16] ECF No. 55-3 ("legal mail" was written on the outside of at least one of the envelopes).
22
23   [17] *Hayes*, 2017 WL 836072 at *7 (internal citation omitted).

24   [18] Defendants also argue that there is a particular interest in monitoring Vartanpour's mail because he
     solicited the assistance of an outside individual in an attempt to murder two witnesses against him
25   while he was in jail awaiting trial in his first criminal case.  The record shows that Vartanpour was
     originally charged with attempted sexual assault with a minor under 14 and two counts of lewdness
26   with a minor under 14.  ECF No. 52-1 at 2.  While awaiting trial in that case, Vartanpour was
     charged in another case with solicitation to commit murder.  ECF No. 52-2 at 2.  I cannot tell based
27   on the sparse records that defendants provided that the solicitation charge stems from
     communications Vartanpour made while in jail.  The guilty plea agreement provided by defendants
28

certain restrictions on incoming mail if they are "reasonably related to legitimate penological interests."[19]  But it appears that prison officials in this case may have deviated from the prison's own policy of opening legal mail in the inmate's presence, and defendants have identified no legitimate penological interest that was served by departing from the policy in this instance.

### 2.  *The record supports a finding that the supervisory defendants knew of the alleged violations and failed to stop them.*

A defendant is liable under § 1983 "only upon a showing of personal participation by the defendant."[20]  To be liable, he must "do[] an affirmative act, participate[] in another's affirmative acts, or omit[] to perform an act [that] he is legally required to do" that causes the deprivation.[21] Defendants argue that even if there were a constitutional violation, there is no evidence that supervisory defendants Neven or Howell or caseworker Calderwood personally participated in the violation.  They contend that the only action these defendants took was responding to Vartanpour's grievances and that, because his mail was opened appropriately as regular mail, there were no violations to prevent.  A reasonable juror could conclude from the repeated nature of the alleged violations—and Vartanpour's frequent grievances complaining about them—that these defendants knew that Vartanpour's legal mail was being opened illegally and they failed to act to prevent it.  I therefore decline to grant defendants summary judgment based on lack of personal participation.

### 3.  *Defendants are not entitled to qualified immunity.*

Defendants argue that they enjoy qualified immunity from Vartanpour's claim because "there was nothing to indicate that these letters were actually legal mail, and there was nothing to put Defendants on notice that the Consulate would be undertaking any sort of legal representation of this

---

is an *Alford* plea that contains none of the underlying facts for the solicitation charge.  ECF No. 52-2 at 12.

[19] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[20] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[21] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citation omitted).

inmate.[22]  These fact disputes identified above also preclude summary judgment on defendants'

qualified-immunity defense because these facts are material to a proper determination of the

reasonableness of defendants' "belief in the legality of [their] actions."[23]  If the letters were properly

marked legal mail, defendants would obviously not be entitled to qualified immunity.  I therefore

deny defendants' motion for summary judgment based on qualified immunity.

## II.    Other pending motions

Vartanpour seeks leave to file a supplemental complaint to add another incident of alleged

illegal mail opening that occurred after this case was filed.  Magistrate Judge Hoffman denied

Vartanpour's previous two motions for leave to file a supplemental complaint because Vartanpour

failed to attach the amended pleading.[24]  Defendants argued in their oppositions to Vartanpour's first

two motions to supplement that Vartanpour failed to first exhaust his prison remedies for the

proposed new legal-mail claim.  Perhaps remembering these arguments, Vartanpour promptly moved

to withdraw[25] and "dismiss"[26] his third motion for leave to file a supplemental complaint pending

exhaustion of his administrative remedies.  I therefore deny without prejudice Vartanpour's motion

for leave to file a supplemental complaint, grant Vartanpour's motion to withdraw, and deny as moot

Vartanpour's motion to dismiss.  This leaves only Vartanpour's motion for instruction,[27] motion to

compel,[28] motion for interrogatories,[29] and motions to extend time[30] pending, which the magistrate

---

[22] ECF No. 52 at 10.

[23] *Espinosa v. City & Cty of S.F.*, 598 F.3d 528, 532 (9th Cir. 2010).

[24] ECF No. 32 at 2.

[25] ECF No. 36.

[26] ECF No. 40.

[27] ECF No. 54.

[28] ECF No. 50.

[29] ECF No. 49.

[30] ECF Nos. 37, 43, 44.

judge will address in due course.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **Vartanpour's motion for leave to file supplemental complaint [ECF No. 35] is DENIED without prejudice, Vartanpour's motion to withdraw [ECF No. 36] is GRANTED, and Vartanpour's motion to dismiss [ECF No. 40] is DENIED as moot.**

IT IS FURTHER ORDERED that **defendants' motion to strike [ECF No. 58] is GRANTED, and defendants' motion for summary judgment [ECF No. 52] is DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to **STRIKE Vartanpour's unauthorized surreply [ECF No. 57].**

This case is referred to a magistrate judge for a mandatory settlement conference.

Dated this 13th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge