# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RAFIK VARTANPOUR,)
)
          Plaintiff,   )   Case No. 2:15-cv-00951-JAD-CWH
)
vs.)   **ORDER**
)
D.W. NEVEN, et al.,)
)
          Defendants.   )
_____)

     Presently before the court is Plaintiff Rafik Vartanpour's Motion for Enlargement of Time (ECF No. 37), filed on September 29, 2016. Defendants D.W. Neven, A.W. J. Howell, and Caseworker Calderwood filed a response (ECF No. 42) on October 17, 2016. Plaintiff did not reply.

     Also before the court is Plaintiff's Motion for Enlargement of Time (ECF No. 43), filed on October 31, 2016. Defendants filed a response (ECF No. 46) on November 16, 2016. Plaintiff filed a reply (ECF No. 47) on December 1, 2016.

     Also before the court is Plaintiff's Motion for Enlargement of Time (ECF No. 44), filed on October 31, 2016. Defendants filed a response (ECF No. 45) on November 16, 2016. Plaintiff filed a reply (ECF No. 48) on December 1, 2016.

     Also before the court is Plaintiff's Second Interrogatories (ECF No. 49), filed on December 8, 2016.

     Also before the court is Plaintiff's Motion to Compel (ECF No. 50), filed on December 14, 2016. Defendants filed a response (ECF No. 51) on December 23, 2016. Plaintiff did not reply.

     Also before the court is Plaintiff's Request for Instruction for Serving Summons to the Defendants (ECF No. 54), filed on January 17, 2017. Defendants did not respond.

**I. BACKGROUND**

This case arises out of a dispute regarding whether Nevada state prison staff improperly opened Plaintiff's legal mail from the Netherlands Consulate General outside of Plaintiff's presence. The only remaining claim is Plaintiff's legal-mail claim under the First Amendment against Defendants Neven, Howell, Calderwood, Sgt. Joseph, and three John Doe mail room staff.

The court previously extended the time for serving Sgt. Joseph and the John Doe mail room staff to December 12, 2016. (Order (ECF No. 32) at 4.) The court advised Plaintiff that given his *in forma pauperis* status, Rule 4(c)(3) of the Federal Rules of Civil Procedure requires the court to order that service be made on behalf of the Plaintiff, generally by a United States marshal. (*Id.*) The court further advised Plaintiff, however, that it is his obligation to provide sufficient information regarding the defendants' identities and locations to allow service of process. (*Id.*) Plaintiff was ordered to conduct an investigation regarding this information and to file with the court a notice containing sufficient information to allow service of process by October 12, 2016. (*Id.*) The court stated that upon obtaining the notice from Plaintiff, the court would provide Plaintiff with additional instructions regarding service. (*Id.*) Plaintiff now files various motions seeking assistance in identifying and serving these defendants.

**II. MOTION TO COMPEL (ECF No. 50)**

Plaintiff moves to compel Defendants' responses to his requests for production of documents and interrogatories that sought the identities of Sgt. Joseph and the John Doe mail room staff, arguing that this information is relevant to the claims and defenses in this case. Plaintiff further argues that Defendants' objection stating that his requests were overly broad was improper because he did not request the identities of all prison staff, just the full names of Sgt. Joseph, who is the mail room supervisor, and the three John Doe mail room defendants who were working on particular dates. Plaintiff states that he made a good-faith effort to confer with the Defendants regarding this dispute. (Mot. to Compel (ECF No. 50) at 6.) Plaintiff attaches his requests for production of documents and interrogatories to his motion.

Defendants respond that Plaintiff's motion does not include the meet-and-confer certification required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26-

2

7(b). Defendants represent that Plaintiff did not attempt to meaningfully discuss the issues with them. Defendants further respond that Plaintiff's motion does not include the full text of the discovery originally sought and responses to the discovery as required by Local Rule 26-7(a). Regardless, Defendants attach their attorney's objections to Plaintiff's requests for production of documents and interrogatories. Finally, Defendants argue the interrogatories were not directed at a specific party as required by Rule 33 of the Federal Rules of Civil Procedure, therefore making it impossible to answer the interrogatories.

Rule 33 of the Federal Rules of Civil Procedure requires the party to whom interrogatories are directed to answer the interrogatories. *See* Fed. R. Civ. P. 33(a)(1) (stating that a party may serve interrogatories "on any other party"); Fed. R. Civ. P. 33(b)(1)(A) (stating that interrogatories must be answered "by the party to whom they are directed."). The party must answer interrogatories, though it is the attorney's responsibility to interpose objections. *See* Fed. R. Civ. P. 33(b)(5) (stating that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections"); *see also Huthnance v. District of Columbia*, 255 F.R.D. 297, 300 (D.D.C. 2008) (discussing the common practice of attorneys drafting discovery responses for their clients to review and sign). Likewise, Rule 34 requires that requests for production of documents be directed to a party. *See* Fed. R. Civ. P. 34(a) (stating that requests for production of documents may be served on "any other party"); Fed. R. Civ. P. 34(b)(2)(A) (setting forth procedure for the "party to whom the request is directed" to respond).

Here, Plaintiff's interrogatories are directed to the "defendants" in general, as opposed to the specific defendants who have appeared in this case: Neven, Howell, or Calderwood. Directing the discovery responses to the defendants in general makes it impossible for the defendants to answer, as they do not know which interrogatories are being directed to which defendant. Plaintiff's requests for production are directed to "the Office of Attorney General," which represents Defendants Neven, Howell, and Calderwood, but is not a party in this case. While it is the Office of the Attorney General's responsibility to assist its clients in responding to discovery and to interpose appropriate objections, the Office of the Attorney General is not a party in this case and it not required to respond to discovery. The court therefore will deny Plaintiff's motion to

compel without prejudice.

Given that the court is denying the motion based on Plaintiff's failure to direct his discovery requests to specific parties, the court does not reach the issue of the sufficiency of the meet-and-confer efforts. While the court notes that Plaintiff failed to "set forth in full the text of the discovery originally sought and any response to it" as required by Local Rule 26-7, given that the Plaintiff provided his discovery requests as exhibits to his motion and that Defendants provided their responses as exhibits, the court had the information required to decide this motion. Plaintiff is advised, however, that any future motions must comply with the court's local rules of practice. Plaintiff further is advised that although the court will liberally construe his filings because he is not represented by an attorney, he nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### III. MOTION TO EXTEND TIME (ECF No. 43)

Plaintiff requests a thirty-day extension of time to serve the summons on Sgt. Joseph and the John Doe mail room staff, arguing that he has served discovery requests on Defendants to attempt to ascertain their identities but that Defendants have not provided the information. Defendants respond that Plaintiff has already been granted an extension of time to serve these parties and that he does not demonstrate good cause for extending the deadline again. Defendants do not respond to Plaintiff's arguments regarding the discovery requests or provide points and authorities in support of their argument that Plaintiff does not demonstrate good cause.

Under Rule 6(b) of the Federal Rules of Civil Procedure, the court may, for good cause, extend a deadline if a request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 509 (9th Cir. 1992). Regarding requests to extend time to serve under Rule 4(m), if the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

/ / /

Here, Plaintiff's deadline to serve Sgt. Joseph and the John Doe mail room staff was December 12, 2016. Plaintiff requested an extension of this deadline on October 31, 2016, approximately six weeks before the deadline expired. Plaintiff states in support of his motion that good cause to extend time exists due to discovery issues that have arisen related to obtaining the identities of the unserved defendants. While the Defendants state that there is not good cause to extend time to serve the other defendants, the only reason they provide is that Plaintiff previously was granted an extension. Given that Plaintiff's request for an extension was made well in advance of the service deadline and that it appears Plaintiff is making a good-faith attempt to obtain their identities and location by serving written discovery, the court in its discretion finds that there is good cause to extend the service deadline. The court therefore will grant Plaintiff's motion and extend the service deadline with respect to Sgt. Joseph and the three John Doe mail room staff. Plaintiff has until **September 8, 2017**, to investigate the identities and whereabouts of these defendants and to file with the court a notice containing sufficient information to allow service of process on those defendants. Upon receipt of the notice, the court will provide to Plaintiff additional forms that he will need to fill out and send to the United States marshal to complete service by **October 9, 2017**.

**IV.    MOTION FOR INSTRUCTIONS (ECF No. 54)**

Plaintiff requests that the court provide him with instructions for serving the defendants. The motion is granted. Plaintiff is directed to refer to the preceding paragraph for instructions.

**V.    MOTION TO EXTEND TIME (ECF No. 44)**

Plaintiff requests an extension of time to file and serve an amended complaint. Defendants respond that Plaintiff must seek leave of court to file an amended complaint and that his previous requests to do so have been denied. Plaintiff replies that he has made good-faith attempts to confer with Defendants to obtain discovery regarding the identities of the unserved defendants so that he can include the information in an amended complaint but he has been unable to resolve the dispute.

The court has denied Plaintiff's previous three motions for leave to file supplemental complaints. (Order (ECF No. 52) at 10; Order (ECF No. 60) at 6-7.) Given that Plaintiff has not identified the unserved defendants at this time, the court will deny the motion without prejudice. If

and when Plaintiff identifies and serves the unserved defendants, he may file any motions he deems necessary.

## VI. MOTION TO EXTEND TIME (ECF No. 37)

Plaintiff requests a thirty-day extension of time "to and including September 30, 2016 in which to file and serve his motion for jurisdiction claim for supporting good cause to serve summons to defendant answer to supplemental complaint." (Mot. for Enlargement of Time (ECF No. 37) at 1.) Defendants respond that the motion should be denied because it is unclear what deadline Plaintiff seeks to extend. The court has carefully reviewed the docket in this case, and the court finds that it is unclear which deadline Plaintiff seeks to extend. None of the deadlines in the scheduling order or other case deadlines fell on August 31, 2016, which would have been thirty days before September 30, 2016. The court therefore will deny this motion without prejudice.

## VII. INTERROGATORIES (ECF No. 49)

Plaintiff filed interrogatories to the Defendants. As the court has previously advised Plaintiff, under Local Rule 26-8, "written discovery, including discovery requests, discovery responses, deposition notices, and deposition transcripts must not be filed with the court." (Min. Order (ECF No. 41).) The court therefore will order the Clerk of Court to strike this document from the court's docket.

## VIII. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel (ECF No. 50) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Enlargement of Time (ECF No. 43) is GRANTED as stated in this order.

IT IS FURTHER ORDERED that Plaintiff's Request for Instruction for Serving Summons to the Defendants (ECF No. 54) is GRANTED as stated in this order.

IT IS FURTHER ORDERED that Plaintiff's Motion for Enlargement of Time (ECF No. 44) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Enlargement of Time (ECF No. 37) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court must STRIKE Plaintiff's Second Interrogatories (ECF No. 49) from the court's docket.

DATED: July 11, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**