**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Rafik Vartanpour, <br><br>    Plaintiff <br><br> v. <br><br> D.W. Neven, et al., <br><br>    Defendants | 2:15-cv-00951-JAD-CWH <br><br> **Order Denying Plaintiff's Motion for Summary Judgment** <br><br> [ECF No. 61] |

Nevada state-prison inmate Rafik Vartanpour sues multiple prison officials and unnamed prison mailroom staff members under 42 U.S.C. § 1983 for illegally opening and mishandling his legal mail outside of his presence.[1] Vartanpour now moves for summary judgment.[2] I deny his motion because it was submitted more than 60 days after the dispositive-motion deadline and because Vartanpour acknowledges that there are genuine issues of material fact regarding whether his mail was—and was properly identified as—legal mail.

## Background

Vartanpour sues defendants Warden D.W. Neven, Associate Warden Hawell, Caseworker Calderwood, Sgt. Joseph (mailroom), and three John Doe mailroom staff members[3] under a First Amendment theory for repeatedly mishandling mail from the Consulate General Netherlands, an embassy he claims is acting as his legal representative.[4] He alleges that this mail is legal mail

---

[1] ECF No. 1.

[2] ECF No. 61.

[3] Neven, Hawell, and Calderwood have been served. Plaintiff's deadline to serve Sgt. Joseph and the John Doe mailroom staff members has been extended. *See* ECF No. 67.

[4] ECF No. 1-1 at 3–4.

that prison staff illegally opened, scanned, copied, and read.[5]

The scheduling order in this case set January 10, 2017, as the deadline to file motions for summary judgment.[6] Defendants filed their motion for summary judgment on January 10, 2017,[7] Vartanpour responded,[8] defendants replied,[9] and Vartanpour filed an unauthorized surreply[10] that I struck before denying defendants' summary-judgment motion.[11] Vartanpour filed the instant motion for summary judgment on March 23, 2017.[12]

## Discussion

**A.   Vartanpour's summary-judgment motion is untimely.**

Vartanpour's motion for summary judgment was filed on March 23, 2017, more than 60 days after the January 10, 2017, deadline for dispositive motions. Vartanpour claims that his summary-judgment motion was timely filed, however, because it was originally dispatched on January 7, 2017,[13] and because he has "no control or say as [a] pro se [prisoner] . . . for securing

---

[5] *Id.*

[6] ECF No. 33 at 3.

[7] ECF No. 52.

[8] ECF No. 55.

[9] ECF No. 56.

[10] ECF No. 57.

[11] ECF No. 60. The stricken document is entitled "Plaintiff's reply in support of his motion for summary judgment," but I determined that it was a surreply because no motion for summary judgment by Vartanpour was received by that time. Because Vartanpour did not move for leave of court to file his surreply, I granted defendants' motion to strike it.

[12] ECF No. 61.

[13] ECF No. 61-2 at 1. Vartanpour states that his "first [summary-judgment motion] was send [sic] at [sic] 7th [of] January 2017." However, he also states that he filed his motion "before 10/1/2017." Considering that: (1) ECF No. 61-2 is dated March 23, 2017, a date well before October 1, 2017; (2) the due date for dispositive motions was January 10, 2017; (3) most countries follow the date format of day/month/year; and (4) I am required to liberally construe

[that] his 'legal mail'" is sent out after it is delivered to prison administration.[14] Vartanpour asserts that his only proof that he timely dispatched his motion is a "brass slip," which is "no where [sic] to be found."[15]

While some courts have held that a motion is "filed" when it is given to a prison authority to be placed in the outgoing mail, "a large body of lower court authority has rejected the general argument [known as the mailbox rule] that a [pro se prisoner's outgoing mail] is filed at the moment it is placed in the mail addressed to the clerk of the court—this on the ground that *receipt* by the district court is required."[16] Though I am sympathetic that pro se prisoners lack some control over their outgoing mail, in this instance, I am not persuaded to depart from the general rule and apply the mailbox rule. Vartanpour offers no prison mail-log entry or any other evidence to corroborate that he gave his summary-judgment motion to prison authorities on January 7, 2017, as alleged. So, I decline to apply the mailbox rule in this case.

Vartanpour did not file a motion to extend the dispositive-motion deadline so that I can consider his belated motion.[17] Instead, he argues in his reply in support of his motion for summary judgment that he was not aware of the need to file a motion to extend the dispositive-motion deadline because he did not know that his motion was not received by the court.[18] I find this argument unpersuasive. Ten days before Vartanpour filed his instant summary-judgment

---

pro se motions (*see Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003)), I base my analysis on Vartanpour's statement that he dispatched his summary-judgment motion on January 7, 2017.

[14] ECF No. 64 at 1.

[15] *Id.*

[16] *Houston v. Lack*, 487 U.S. 266, 274 (1988).

[17] *See* Fed. R. Civ. P. 6(b)(1)(B) (allowing the court to extend the time for filing a motion beyond the deadline "on motion made after the time has expired if the party failed to act because of excusable neglect"). *See also* LR IA 6-1 (detailing the requirements for "a motion or stipulation to extend time . . .").

[18] ECF No. 64 at 1–2.

motion, I stated in my order denying defendants' motion for summary judgment and striking plaintiff's surreply that "Vartanpour did not file a motion for summary judgment, and the deadline for doing so has expired."[19] Vartanpour was thus on notice that his motion had not been received and that the deadline for filing it had passed. While the court must construe pro se motions and pleadings liberally in the pro se litigant's favor, "pro se litigants are bound by the rules of procedure."[20] Because Vartanpour did not comply with the rules to extend the deadline, his motion for summary judgment is untimely, and I could deny it on that basis alone.

**B.  Genuine issues of material fact preclude summary judgment.**

Even if I overlook the untimeliness of Vartanpour's motion, I would deny it on its merits because genuine issues of material fact remain. Perhaps misunderstanding the role of and requirements for the summary-judgment procedure, Vartanpour offers a "Statement of Disputed Facts" with a "list of genuine . . . material fact[s] that require the denial of defendant's [sic] [already-denied summary-judgment] motion."[21] In it, he oppugns as "false" sworn statements by defendants about the mail labeling, and he offers a version of events that contradicts the one proffered by the defendants.[22] He further argues that his motion should be granted because "there *is* a genuine issue of material facts [sic] against defendant [sic] that they violated" his First Amendment rights.[23]

Because the plaintiff bears the burden of proof at trial, before the court can grant Vartanpour's motion for summary judgment, he "must establish 'beyond controversy every

---

[19] *See* ECF No. 60 at 3 n.10.

[20] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[21] *See* ECF No. 61 at 6.

[22] *Id*. at 10–11.

[23] ECF No. 64 at 2 (emphasis added); *see also* ECF No. 61 at 16 ("there is a genuine issue of material facts to each point. . .").

element of'" his claim.[24] The existence of genuine, disputed facts on any element requires the court to deny the motion and let the jury decide which version of the facts to believe.[25] I already denied summary judgment in defendants' favor because I found that "whether communications from the consulate constitute legal mail and . . . were properly marked to notify prison staff that the communications were protected is at least genuinely disputed."[26] Vartanpour's filings and repeated representations that this case is rife with genuine and disputed issues only bolster that conclusion. Accordingly, I deny Vartanpour's motion for summary judgment because it is late and because genuine issues of material fact preclude the entry of summary judgment at this time.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Rafik Vartanpour's motion for summary judgment [ECF No. 61] is DENIED**.

DATED: July 13, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[24] *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (quoting William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 14:124–127 (2001)).

[25] *Id*.

[26] ECF No. 60 at 4.